IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT S. JESTER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 3:13-cv-00075 ) |
| BLAIR LEIBACH, *et al.*, | )   Judge Trauger ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Robert Jester filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] The complaint is before the court for initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    FACTUAL ALLEGATIONS**

The plaintiff names as defendants Warden Blair Leibach in his official capacity; Davidson County Sheriff Daron Hall in his official capacity; HSA/RN Tanya Taylor in her official and individual capacity; NP A. Baker in her official and individual capacity; Warden M. Corlew in his official and individual capacity; Warden J. Sausedo in his official and individual capacity; Doctor Polmore, in her official and individual capacity; Doctor Cherry, in her official and individual capacity; Mr. Molokwu, Contract Monitor for the Davidson County Sheriff's Office, in an unspecified capacity; and Correction Corporation of America ("CCA").

The plaintiff alleges that in November 2012, he began experiencing swelling in both feet, ankles, and legs, accompanied by severe pain. He filled out a "sick call" request, and tests were run to see what the problem was. He was told by NP A. Baker that his liver was not functioning properly. He also states he has been diagnosed with Hepatitis C. The plaintiff told NP Baker that he was in pain and inquired about pain medication as well as Interferon treatments. He was given diuretics but claims this did not help the swelling. He also claims that he received no medication to alleviate the pain or improve his liver function.

---

[1] At the time the complaint was filed, the plaintiff was incarcerated at the Metro-Davidson County Detention Facility ("Metro Detention Facility") operated by CCA in Nashville, Tennessee. He was released on February 15, 2013, and provided the clerk with an address in Lavergne, Tennessee for use after that date.

The plaintiff submitted a grievance form; HSA/RN Tanya Taylor responded, and at a meeting with the plaintiff on January 15, 2013, told him that he would have to wait until Dr. Cherry decided whether he should receive additional treatment.

The plaintiff sent a "grievance" or letter to Warden Leibach on January 15, 2013, which received no response. The plaintiff also wrote a letter to Sheriff Hall, who did not take any action.

The plaintiff states that as of January 24, 2013, his lower extremities were still markedly swollen and painful, and he is sure his liver had been further damaged by the prison authorities' failure to make any effort to provide for his medical needs.

The plaintiff sent a second grievance to Warden Leibach on January 24, 2013. He also sent informal grievances to Wardens Corlew and Sausedo. The plaintiff met with Contract Monitor Mr. Molokwu of the Davidson County Sheriff's Office, but Mr. Molokwu, other than performing a "quick investigation," took no action either. (ECF No. 1, at 7.)

The plaintiff met with Tanya Taylor again on January 24, 2013, who informed him that because he had an appointment with an "outside doctor," she would not provide pain medication. As of January 28, 2013, the plaintiff was still in pain and still had swelling in his feet and legs; he sent another grievance to Warden Leibach but received no response.

In sum, based on these factual allegations, the plaintiff asserts that all these defendants were deliberately indifferent to his serious medical needs, and thereby violated his rights under the Eighth Amendment. He also contends that the delay in, or denial of, treatment put him at greater risk for increased problems in the future.

The plaintiff demands equitable and injunctive relief in various forms, as well as "compensation for pain and suffering." (ECF No. 1, at 6.)

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), if a civil complaint is filed *in forma pauperis*, the court must conduct an initial review of the complaint and must dismiss it, or any portion of it, that fails to state a claim for which relief can be granted, is frivolous, or seeks relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  LAW AND ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this case, the plaintiff indicates that various prison officials have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment, by failing to provide what he insists is necessary care to prevent further deterioration of a serious liver condition, and failing to provide care to alleviate pain and swelling in his extremities. Construing the allegations in the complaint as true, as the court must at this stage in the proceedings, the court finds that the plaintiff has adequately identified the deprivation of a right secured by the United States Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (holding that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment). *See also Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (clarifying that a prisoner claiming cruel and unusual punishment must establish both that the Eighth Amendment deprivation was sufficiently serious to rise to a constitutional level (an objective

component) and that the state official acted with a sufficiently culpable state of mind (a subjective component)).

The next question, then, is whether the plaintiff adequately alleges facts with respect to each of the named defendants which, if true, would support a claim that that particular defendant was responsible for the alleged deprivation.

Both Warden Leibach and Sheriff Hall are sued in their official capacity only. CCA is also a defendant, and all of the other defendants are named in both their official and individual capacity. An official-capacity suit is, in reality, a suit against the entity that employs the individual. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (citations omitted). Based on the allegations in the complaint, it appears that the defendants are all employed either by the Metropolitan Government of Nashville and Davidson County ("Metro") (Sheriff Hall and Contract Monitor Molokwu), or by CCA. The official-capacity claims against the CCA employees are redundant of the claim asserted directly against CCA.

Because *respondeat superior* liability is not available under § 1983, *Monell*, 436 U.S. at 691, the entity that employs the named defendants sued in their official capacity cannot be liable for the alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Moreover, in order to state a claim for entity liability, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, the plaintiff does not allege the existence of any policy or custom adopted by Metro or by CCA that caused his alleged harm, nor do the allegations in the complaint reasonably give rise to an

inference that the implementation of some policy of the entity caused the plaintiff's injury. On this basis, the court finds that the plaintiff fails to state a claim against CCA or against any of the other defendants in their official capacity. These claims are subject to dismissal.

The remaining issue is whether the complaint states a claim against defendants Taylor, Baker, Corlew, Sausedo, Polmore, Cherry, or Molokwu in their individual capacity.

It is clear that the complaint does not adequately allege facts that would support a cause of action of any nature against defendant Dr. Polmore in her individual capacity. In fact, the complaint contains no factual allegations at all concerning this defendant, other than to state that Dr. Polmore is the "Doctor over staff at CCA," and that she engaged in "cruel and unusual punishment" because she purportedly knew of the plaintiff's condition but failed to respond properly. (ECF No. 1, at 7.) The plaintiff does not state the basis for his belief that Dr. Polmore knew about his condition. He does not allege that he ever saw or communicated with Dr. Polmore. It therefore appears his claim against Dr. Polmore is based on the fact that she occupies a supervisory position. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The plaintiff has not alleged that Dr. Polmore committed any actual acts, nor has he averred that she acquiesced in the conduct of the employees under her supervision. The court finds that the complaint fails to state a claim against Dr. Polmore.

Similarly, the claims against Wardens Corlew and Sausedo are based solely on the plaintiff's allegations that these defendants denied or failed to respond to grievances filed by the plaintiff. The Sixth Circuit has held that, where defendants' "only roles . . . involve the denial of administrative grievances or the failure to act . . . they cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, claims that are based simply on the failure to respond to a grievance or the denial of a grievance do not state a claim of constitutional dimension. Because the complaint does not contain any factual allegations suggesting that Warden Corlew or Warden Sausedo was personally involved in the actions upon which the complaint is based, the claims against them in their individual capacity must be dismissed for failure to state

a claim for which relief may be granted.

The plaintiff alleges that he received inadequate treatment from Nurse Baker, who was allegedly deliberately indifferent to the seriousness of the plaintiff's pain and other symptoms. The plaintiff does not indicate that he was ever seen or treated by Dr. Cherry, but his allegations give rise to a reasonable inference that Dr. Cherry directed Nurse Baker's treatment of the plaintiff (specifically, by refusing to authorize medication other than diuretics). The plaintiff met with Nurse Taylor on at least two occasions and again was refused pain medication or other treatment. Finally, the plaintiff also states that he met with Mr. Molokwu, who knew of his situation and did a "quick investigation," but never followed up to ensure that the plaintiff was receiving the treatment he believed he needed

Construing the complaint liberally and accepting as true all the plaintiff's factual allegations, as is appropriate at this stage in the proceedings, the court finds that the plaintiff has adequately alleged facts suggesting that defendants Baker, Taylor, Cherry, and Molokwu acted with deliberate indifference to the prisoner's serious medical needs, as manifested by their intentional denial or delay of access to medical care for his Hepatitis C and symptoms related to it, and that the plaintiff has therefore stated a claim against them under the Eighth Amendment based on necessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104–05 (1976). The individual-capacity claims against these defendants will be permitted to proceed.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge