IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT S. JESTER )
 )
 v. ) NO: 3:13-0075
 )
BLAIR LEIBACH, et al. )


TO: Honorable Aleta A. Trauger, District Judge


# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered February 21, 2013 (Docket Entry No. 6), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss and for summary judgment (Docket Entry No. 20). The plaintiff has not responded to the motion in any manner.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered September 5, 2013 (Docket Entry No. 29), the plaintiff was notified of the motion, advised that the motion would be treated by the Court as a motion for summary judgment brought under Rule 56 of the Federal Rules of Civil Procedure, and given a deadline of October 15, 2013, to file a response. The docket reflects that copies of the order mailed to the plaintiff, by both certified and regular, first class mail, to the address he provided, were returned undelivered with the notations "return to sender," "insufficient address," "unable to forward," and "does not live at this address." See Docket Entry Nos. 31 and 32.

## I. BACKGROUND

The plaintiff is a former inmate of the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on January 31, 2013, while confined at the Detention Facility,[2] seeking damages and injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights alleged to have occurred at the Detention Facility. The plaintiff named multiple defendants and raised several claims in his complaint (Docket Entry No. 1). However, pursuant to review under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court dismissed all claims and defendants from the action except for claims against Tanya Taylor, Angela Baker, Dr. Daniel Cherry, and Samuel Molokwu, in their individual capacities only, based on allegations that they denied the plaintiff constitutionally adequate medical care during his incarceration. See Memorandum and Order entered February 21, 2013 (Docket Entry Nos. 5 and 6). Specifically, the plaintiff alleges that, in November 2012, he began experiencing swelling in his lower extremities, as well as pain, which he believes was related to the fact that he suffers from Hepatitis C and that his liver is not functioning properly. He alleges that he was not provided with proper treatment or pain medication for these conditions during the approximately four months from November 2012, to his release in February 2013. See Docket Entry No. 1, at 6-7.

The Defendants filed a joint answer (Docket Entry No. 11), and a scheduling order (Docket Entry No. 13) was entered setting out deadlines for pretrial activity in the action. The docket in the action shows that copies of each order entered in the case mailed to the plaintiff at the free world address he provided were returned as undeliverable. See Docket Entry Nos. 9, 15, 31, and 32.

---

[2] The plaintiff was released from incarceration on February 15, 2013, and provided a free world mailing address for use after that date. See Docket Entry No. 4.

Although the plaintiff was specifically warned by the Court in the February 21, 2013, and May 20, 2013, Orders (Docket Entry Nos. 6 and 13), that his failure to keep the Clerk's Office informed of his current address at all times would jeopardize his prosecution of the action, he has not provided any other mailing address.

By their motion for summary judgment, the Defendants argue that the undisputed evidence shows that the plaintiff was provided appropriate care and treatment for his medical conditions at the Detention Facility and that there is no basis for a claim that any of them acted with deliberate indifference to his serious medical needs. The Defendant further contend that there is no evidence that the plaintiff suffered a physical injury that was more than de minimis. Finally, they contend that the plaintiff's failure to keep them and the Court informed of his current mailing address shows a failure to prosecute on his part that warrants dismissal of the action under Ruler 41(b) of the Federal Rules of Civil Procedure. In support of their motion, the Defendants rely upon the affidavits of Angelina Baker (Docket Entry No. 23), James Bridges, M.D. (Docket Entry No. 24), Daniel Cherry (Docket Entry No. 25), Sam Molokwu (Docket Entry No. 26), and Tanya Taylor (Docket Entry No. 27).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a

well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

To satisfy the objective component, the plaintiff must show that he had a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004). For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict

5

harm, the standard is not satisfied by a showing of negligence. Comstock, supra. See Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to the Defendants. Even if the Court assumes for the purposes of analyzing the pending motion that the plaintiff has shown that he suffered from an objectively serious medical need, there is insufficient evidence before the Court to raise a genuine issue of material fact on the issue of deliberate indifference on the part of the Defendants.

The plaintiff has not responded to the Defendants' motion for summary judgment, rebutted the Defendants' evidence, or supported his claim with any evidence. The Defendants set forth affirmative evidence in the form of five affidavits from persons involved with medical care and prison operations at the Detention Facility which show that the plaintiff received numerous examinations and evaluations by medical care providers, had laboratory testing and ultrasounds performed, was provided with medications to treat his conditions, was provided with pain medication, and was sent for an outside consultation with a specialist. See Docket Entry Nos. 23-27.

This undisputed evidence clearly shows that the plaintiff's medical issues were not ignored and that he was provided with treatment for these issues. Further, there is no evidence before the Court that shows or from which it can be inferred that any medical decision made with respect to his treatment was colored by deliberate indifference on the part of any Defendant.

Based upon this unrebutted evidence, no reasonable jury could find that the Defendants treated the plaintiff with deliberate indifference with respect to his medical needs as is required for a constitutional claim. See Farmer; supra; Estelle, supra. The plaintiff's claim essentially amounts to displeasure with the adequacy of the treatment he received at the Detention Facility and his desire for specific medications or treatments. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff received at the Detention Facility may not have been the same as he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to the Defendants. In light the Court's finding that there is no evidentiary support for the plaintiff's constitutional claim, there is no reason to address the alternative arguments for dismissal raised in the Defendants' motion.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion to dismiss and for summary judgment (Docket Entry No. 20) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge